**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4390**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAIME ROSALES VILLEGAS, a/k/a Demente, a/k/a Lil Demente,

Defendant - Appellant.

**No. 16-4526**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PEDRO ANTHONY ROMERO CRUZ, a/k/a Payaso,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge. (1:14-cr-00306-GBL-3; 1:14-cr-00306-GBL-1)

Submitted: August 29, 2019                    Decided: September 23, 2019

Before KEENAN, HARRIS, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gretchen L. Taylor, TAYLOR LAW COMPANY, Fairfax, Virginia; Charles Burnham, Ziran Zhang, BURNHAM & GOROKHOV PLLC, Washington, D.C., for Appellants. Dana J. Boente, United States Attorney, Tobias D. Tobler, Assistant United States Attorney, Julia K. Martinez, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jaime Rosales Villegas and Pedro Anthony Romero Cruz were convicted of conspiracy to commit murder in violation of Va. Code Ann. §§ 18.2-18, 18.2-32 (2014), in aid of a racketeering enterprise, in violation of 18 U.S.C. § 1959(a)(5) (2012), and possession of a short-barreled shotgun in furtherance of attempted murder and conspiracy to commit murder in aid of a racketeering enterprise and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 924(c)(1)(A), (B)(i), 2 (2012). Villegas was also convicted of knowingly and intentionally attempting to commit murder in violation of Va. Code Ann. §§ 18.2-18, 18.2-32, in aid of a racketeering enterprise and aiding and abetting such conduct, in violation of 18 U.S.C. § 1959(a)(5), 2. Villegas and Cruz argue that the Virginia offense of attempted murder, Va. Code Ann. § 18.2-32, cannot be the underlying crime of violence to support the firearm conviction because it is not categorically a crime of violence under § 924(c)(3). We affirm.

An offense under § 924(c) arises when a defendant uses or carries a firearm during or in relation to a "crime of violence." 18 U.S.C. § 924(c)(1)(A). Subsection (c)(3) defines the term "crime of violence" as a felony offense that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (A) is referred to as the "force clause," while subsection (B) is referred to as the "residual clause." *United States v. Fuentes*, 805 F.3d 485, 498 (4th

3

Cir. 2015).  Because the Supreme Court recently deemed § 924(c)(3)'s residual clause unconstitutionally vague, *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), the only remaining issue is whether attempted murder under Virginia law constitutes a crime of violence under the force clause.

We recently answered this issue in the affirmative, holding that the offense of Virginia first-degree murder, Va. Code Ann. § 18.2-32, "qualifies categorically as a crime of violence under [§ 924(c)(3)'s] force clause."  *United States v. Mathis*, 932 F.3d 242, 265 (4th Cir. 2019).

Accordingly, we affirm the convictions.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*